**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RICK MOSELY, PAUL MOSELY, AND BONNIE FORD ON BEHALF OF THE ESTATE OF MARY MOSLEY** | § § § § | |
| *Plaintiffs*, | § § § | |
| **v.** | § § | **EP-23-CV-00363-DCG** |
| **LANDSTAR EXPRESS AMERICA, INC.; RED QUADRAT, LLC; TWO BROTHERS FREIGHT, INC.; RENE KONRATH; and C.H. ROBINSON WORLDWIDE INC.,** | § § § § § § § | |
| *Defendants*. | § | |

<u>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**</u>

Before the Court is Plaintiffs' Motion to Remand.  Defendant Landstar opposes the motion.

After considering the parties' memoranda, the record, and the applicable law, the Court **GRANTS**

Plaintiffs' Motion to Remand the above-captioned case to state court.

<u>**BACKGROUND**</u>

This case arises from an automobile collision that occurred on May 2, 2022, that resulted

in Mary Mosley's death.  Original Pet., ECF No. 1–2, at 2.[1]  Plaintiffs, sons and sister of the

deceased, filed their Original Petition in the 210th Judicial District Court of El Paso County, Texas,

on August 7, 2023.  *See id.* at 2–3.  The Petition named Landstar Express America, Inc.

---

[1] All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system—not the cited document's internal pagination.

("Landstar"); Red Quadrat, LLC; Two Brothers Freight, Inc.; C.H. Robinson Worldwide, Inc. ("C.H. Robinson"); and Rene Konrath as defendants. *Id.* at 2.

As will become important below, Defendant Red Quadrat was served the Petition on August 16, 2023; Defendants Landstar and Two Brothers Freight were both served on August 31, 2023; Defendant C.H. Robinson Worldwide, Inc. was served on September 1, 2023; and at the time of removal Defendant Rene Konrath was not served. Original Reg. Actions, ECF No. 1-2, at 1; Return Serv., ECF No. 1-2, at 24, 30, 32, 34.

Invoking the federal courts' diversity jurisdiction, Defendant Landstar removed the action to this Court on September 28, 2023. Notice Removal, ECF No. 1. No other Defendant signed onto Landstar's Notice of Removal. *See id* at 1. Plaintiffs then filed the instant Motion to Remand on October 27, 2023. Mot. Remand, ECF No. 3. On November 13, 2023—45 days after removal—Two Brothers and Rene Konrath purported to belatedly consent to removal.[2] Notice Consent, ECF No. 8. To this date, C.H. Robinson has not indicated whether it consents to removal.

Plaintiffs advance two arguments to support the position that the Court must remand the case. First, neither Two Brothers Freight nor C.H. Robinson timely consented to removal, rendering removal ineffective. Mot. Remand, ECF No. 3, at 4. Second, the Court cannot exercise subject matter jurisdiction over this matter because Defendant Red Quadrat is a citizen of the same state as Plaintiffs and a citizen of the state in which Plaintiffs filed this lawsuit. *Id.* at 1–2.

In its Response to the Motion for Remand, Landstar maintains that it did not need Two Brothers' and C.H. Robinson's consent to removal because Plaintiffs did not properly serve either party before removal. Resp. Mot. Remand, ECF No. 6, at 6–7. In the alternative, Landstar asserts

---

[2] Because Konrath had not been served at the time of removal, *see* Original Reg. Actions, ECF No. 1-2, at 1, her consent was not required. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring "all defendants who have been *properly joined and served*" to join in or consent to removal).

that even if the parties were properly served there is no statutory deadline to consent to removal. *Id.* at 4. Lastly, Landstar claims that if any applicable deadline was missed the defect could be cured. *Id.* at 7.

With respect to Plaintiffs' argument concerning the diversity of parties, Landstar contends that Red Quadrat's citizenship should not be considered for the purpose of determining whether subject matter jurisdiction exists because Plaintiffs have improperly joined it as a Defendant. *See, e.g.*, Notice Removal, at 5. Because the issue of whether Landstar obtained proper consent to removal is dispositive of whether remand is required, the Court does not need to address Red Quadrat's citizenship or whether it was improperly joined as a defendant.

## LAW & ANALYSIS

Subject to various exceptions and conditions, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One avenue that a district court may have original jurisdiction over a case is pursuant to the diversity jurisdiction statute, which grants the federal district courts "original jurisdiction of all civil actions" in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The removing party bears the burden of showing that removal was proper. *Id.*

28 U.S.C. § 1446 sets forth the procedural requirements for removal. Section 1446 provides, with certain exceptions, that each defendant has thirty days from the date he receives the plaintiff's initial pleading. 28 U.S.C. § 1446(b)(1). When there are multiple defendants in a case

and the civil action is removed solely under Section 1441(a), all defendants who have been "properly joined and served must join in or consent to the removal." *Id.* § 1446(b)(2)(A).

Requiring all defendants who have been "properly joined and served" to either join in or consent to removal is referred to as the "rule of unanimity." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). To satisfy this unanimity requirement, the Fifth Circuit has explained that there must be some timely "filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).

## Consent Requirement

Landstar sets forth two reasons as to why it was not required to obtain C.H. Robinson or Two Brothers Freights' consent. First, Landstar contests whether C.H. Robinson and Two Brothers Freight were properly served. Resp. Mot. Remand, ECF No. 6, at 6–7. Second, Landstar states that at the time of removal, no other defendant had entered an appearance in state court, thus, it was not required to obtain the parties' consent. *Id.* at 5 ("[A] defendant who has not entered an appearance in a case at the time of removal is in no position to notify a court of its consent to removal at the time of removal.").

By its terms, "§ 1446(b)(2)(A) does not impose any requirements on defendants who were not properly served." *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019). To the contrary, the statute explicitly states that only "defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). As such, the Court must determine whether C.H. Robinson and Two Brothers were properly served defendants at the time of removal, so that consent was required to remove the case.

4

When a case is removed from state court to federal court, "the question of whether the plaintiff has properly served the defendant is determined by the reference to the applicable state law." *Thevenet v. Deutsche Bank Nat'l Tr. Co*., No. 3:17-CV-1832, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017); *see also Freight Terminals, Inc. v. Ryder Sys. Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972) ("[T]he district court must look to state law to ascertain whether service was properly made prior to removal[.]").  Under Texas law, a plaintiff can effect service by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition."  TEX. R. CIV. P. 106(a)(2).

Landstar claims that whether C.H. Robinson was properly served "is in serious doubt." Resp. Mot. Remand, ECF No. 6, at 6.  To support this assertion, Landstar directs the Court to C.H. Robinson's website for the company's financial information.  *Id.*  Additionally, C.H. Robinson provides a quote from C.H. Robinson's website that reads "We are the world's most powerful and most connected logistics platform."  *Id.*  Landstar alleges that because C.H. Robinson is a "large and sophisticated company," it is not the type of litigant that would ignore a properly served complaint.  *Id.*  To put it politely, this argument is unpersuasive.  The state court docket contains a return receipt which reflects that C.H. Robinson was served via certified mail on September 1, 2023.  Return Serv., ECF No. 1-2, at 34.  Under Texas law, "the return of service has long been considered prima facie evidence of the facts recited therein."  *Clayton v. Stamper*, No. 13-22-00200-CV, 2024 WL 117599, at *4 (Tex. App. Jan. 11, 2024) (quoting *Primate Const. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)).  To rebut the return receipt, Landstar will need to set forth specific factual allegations as to why service was improper.  *See Brown v. Ogbulu*, 331 S.W.3d 530, 535 (Tex. App.—Dallas 2011) (requiring sufficient facts to rebut the presumption of service).  The Court does not find the details of C.H. Robinson's financials or marketing statements

relevant in determining whether service was valid.  Because Landstar provided no legitimate assertions as to why service was invalid, the Court will not order Plaintiffs to show cause for failure to serve C.H. Robinson as Landstar requests.  *See* Resp. Mot. Remand, ECF No. 6, at 6. (suggesting the Court to order Plaintiff to show cause that C.H. Robinson was served).  With respect to Two Brothers Freight, Landstar claims that Two Brothers Freight's answer in state court "suggests but does not prove that it was properly served."  Resp. Mot. Remand, ECF No. 6, at 6–7.  Again, this is not enough to rebut the return receipt which reflects that Two Brothers Freight was served via certified mail on August 31, 2023.  Return Serv., ECF No. 1-2, at 32.  Accordingly, the Court rejects Landstar's argument that C.H. Robinson and Two Brothers Freight were not required to consent to removal because the parties were not properly served.

Next, the Court will consider Landstar's proposition that a defendant is not required to consent to removal if that defendant has not yet entered an appearance.  Landstar has offered no case law to support this position.  Nonetheless, the statutory language of § 1446(b)(2)(A) is clear with respect to whom must consent to removal.  *See* § 1446(b)(2)(a) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").  In accordance with the plain language of the statute, a properly served defendant, irrespective of whether that defendant has appeared, is required to consent to removal.  *See Brown v. Sarubbi*, Civ. No. 06-1634 (JBS), 2006 WL 2014227, at *2–3 (D.N.J. July 18, 2006) (rejecting the argument that because the defendant had not yet entered an appearance by the time of removal, it was exempt from consenting to removal); *see also Viero v. Buffano*, No. 95 C 2281, 1995 WL 248082, at *1 (N.D. Ill. Apr. 25, 1995) ("It has always been the rule. . . that all defendants who have been served . . . (and not simply those defendants who have appeared) must join in or consent to the removal unless a satisfactory explanation is provided for their absence.").

Accordingly, the Court is not persuaded with either of Landstar's arguments and both C.H. Robinson and Two Brothers Freight's consent was required for removal.

**<u>Timeliness of Consent</u>**

The Court will consider whether a defendant is required to consent to removal within a specified period under § 1446(b)(2)(A). While § 1446(b)(2)(A) requires properly joined and served defendants to consent to removal, there appears to be disagreement amongst courts as to when that consent must take place. Several courts have concluded that the statute does not set a deadline for consent. *See, e.g.*, *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) ("The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved. By comparison, § 1446 as amended lays out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action. Congress could have defined with equal specificity the form of or time for consent but chose not to do so."); *see also Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1263 (D.N.M. 2017) ("The statute requires only that all defendants consent to removal; it is silent regarding when that consent must take place."); *see also Tate v. SNH Co Tenant LLC*, Civ. A. No. 22-cv-827-MEH, 2022 WL 3091375, at *4 (D. Colo. July 15, 2022) ("This court will not create a deadline [for consenting to removal] when Congress did not.").

Other courts, however, have concluded that the statute establishes a deadline for consent. *See, e.g.*, *Taylor v. Medtronic, Inc.* 15 F.4th 148, 151 (2d Cir. 2021) ("Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period [for removal], the defendant cannot cure that failure by providing late consent."); *see also Beasley v. Progressive Nw. Ins. Co.*, 2015 No. 1402543 JAR-GLR, 2015 WL 630566, at *4 (D. Kan. Feb.

12, 2015) ("Under § 1446, each defendant must consent within thirty days after receipt by or service on that defendant.").

Current caselaw from the Fifth Circuit strongly suggests that § 1446 imposes a deadline to consent to removal. It has long been held that "there must be some timely filed written indication from each served defendant" consenting to removal. *Getty Oil*, 841 F.2d at 1262 n.11; *see also Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) ("[T]o comply with the requirements of § 1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period.") (cleaned up). The Fifth Circuit reaffirmed this principle in *Powers v. United States*, where the plaintiffs argued that the district court lacked jurisdiction over the claims because one of the defendants did not consent to removal. 783 F.3d 570, 577 (5th Cir. 2015). Although the specific defendant did not sign the removal petition, the defendant later filed written consent to the removal within thirty days of service of the state-court petition. *Id.* Because the consent was within thirty days of service of the state-court petition, the Fifth Circuit determined that it was timely and satisfied the statutory consent requirement. *Id.* Allowing a defendant unlimited time to consent to removal as Landstar suggests would be contrary to the Fifth Circuit's repeated emphasis on the timely requirement. *See Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011) (finding that removal was defective because co-defendant did not timely consent). As such, the Court rejects Landstar's position that there is no deadline to consent to removal.

That said, courts that have imposed a deadline for consent differ as to when that deadline is. In *Ray*, the district court outlined the different dates that courts have selected as the deadline for consent:

> In considering the proper deadline for consent, some courts select the date by which the removing defendant must file its own notice of removal; that is, within 30 days of the removing defendant's service or receipt of the summons or complaint. *See, e.g.* [*Palmeira v. CIT Bank, N.A.*, No. 17-00275, 2017 WL

4797515, at *5–6 (D. Hawai'i Oct. 24, 2017]; *Gibbs v. Ocwen Loan Servicing, LLC*, [No. 3:14-CV-1153] 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014).  Others identify the deadline as 30 days from the date of removal, which aligns with the deadline for the motion to remand.  *See, e.g.*, *Centura Health Corp. v. Agnew*, [No. 18-cv-00569] 2018 WL 3454976, at *4-5 (D. Colo. July 18, 2018); *Padilla v. Am. Mod. Home Ins. Co.*, 282 F. Supp. 3d 1234, 1264 (D.N.M. 2017); *Pattison v. Nevada ex rel. Nev. Dep't of Corr.*, [No. 3:14-cv-00020] 2014 WL 2506467, at *3 (D. Nev. June 3, 2014).  Still others select 30 days from the time that the consenting defendant was served.  *See Taylor*, 15 F.4th at 150-51; *Couzens* [*v. Donohue*], 854 F.3d [508,] 514 [8th Cir. 2017)]; *see also Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing § 1446(b)(2)(B) for proposition that consenting defendant filed timely consent because it was filed within 30 days of when the consenting defendant was served).

*Ray*, *v. Dzogchen Shri Singha Found. USA*, *Inc.*, No. 3:23-cv-233-SI, 2023 WL 3451987, at *3 (D. Or. May 15, 2023).  In sum, it appears that courts have taken three different approaches as to when the thirty-day clock to consent begins: (1) the date the removing defendant is served, (2) the date the consenting defendant is served, and (3) the date the notice of removal was filed.  *Id.*

The Court need not determine which deadline to apply.  That is because C.H. Robinson has never consented to the removal, and Two Brothers Freight's filed a purported consent on November 13, 2023—73 days after Landstar and Two Brothers were served with the state court petition and 45 days after Landstar removed the case from state court.  *See* Notice Removal, ECF No. 1; Notice Consent, ECF No. 8.  Thus, under any of the three deadlines the Court could impose, Two Brothers Freight's purported consent was untimely, and C.H. Robinson has missed its deadline to consent.

## Ability to Cure Untimely Consent

The Fifth Circuit has recognized that under certain circumstances removal may be warranted even when a defendant fails to comply with the statutory requirements.  *Getty Oil*, 841 F.2d at 1263 n. 12; *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986) ("Exceptional circumstances might permit removal even when a later-joined defendant petitions more than

precisely thirty days after the first defendant is served."). In determining whether to apply this "exceptional circumstances" exception, courts should consider the underlying facts, the litigants' conduct, and whether the circumstances are sufficiently exceptional or unique to permit removal after the expiration period. *Getty Oil*, 841 F.2d at 1263 n. 12. This "exceptional circumstances" exception was applied in *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002). In *Gillis*, the non-removing defendant did not file its written consent within the thirty-day time period because consent could only be authorized at a board meeting. *Id.* at 758–59. Due to interposed scheduling conflicts, a board meeting could not be scheduled within the thirty-day removal period. *Id.* at 758. In analyzing whether the exceptional circumstances applied, the Fifth Circuit considered that the board attempted to schedule a meeting prior to the expiration of the removal period, the chairman of the Board was also a plaintiff in the lawsuit, and that the non-removing defendant filed an informal consent to removal prior to the deadline. *Id.* at 759. Ultimately, the Fifth Circuit found that these circumstances were unique and sufficient to apply the equitable exception of *Getty Oil*. *Id.*

There are no exceptional circumstances in this case to warrant applying such an exception. Landstar does not set forth any factual allegations with respect to exceptional circumstances or that Plaintiffs engaged in "bad faith efforts" to prevent removal. Therefore, the Court declines to apply the exceptional circumstance exception set forth in *Getty Oil*. Landstar repeatedly requests that the Court order deadlines for the remaining defendants to consent. Resp. Mot. Remand, ECF No. 6, at 6. The Court will not do so. Landstar offers no reason or explanation for the Court to ignore the statutory requirements for removal. *See Grigsby v. Kansas City So. Ry. Co.*, 2012 WL 3526903, at *3 (W.D. La. Aug. 13, 2012) ("District courts have no power to overlook procedural

errors related to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice.").

Accordingly, **IT IS ORDERED** that Plaintiffs' "Motion for Remand" (ECF No. 3) is **GRANTED.**

**IT IS THEREFORE ORDERED** that the above-captioned case is **REMANDED** to the 210th District Court of El Paso County, Texas.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this matter.

**So ORDERED and SIGNED this 5th day of December 2024.**

_____

**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**